UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| E. J., LISA HOULIHAN JOHNSON, AND DONALD ARTHUR JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 13-cv-01923 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 13 |

Defendant United States of America moves to dismiss, or in the alternative strike, certain of plaintiffs' claims for relief in this tort action. This Court has jurisdiction under 28 U.S.C. § 636(c), as both parties have consented to proceedings before a magistrate judge. Dkt. Nos. 12, 14. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

On April 26, 2013, plaintiffs filed a complaint alleging violations of the Federal Tort Claims Act on behalf of plaintiff E.J., a minor, and E.J.'s parents, the Johnsons. Dkt. No. 1. The Johnsons bring suit as E.J.'s guardian ad litem and on their own behalf. The complaint alleges that E.J. was injured at a Coast Guard child care facility on June 17, 2010, and that her injury was a result of the Coast Guard's negligent supervision of E.J., negligent hiring

and training of Coast Guard employees, and negligent maintenance of the Coast Guard facility. The complaint alleges eight claims for relief: 1) general negligence - res ipsa loquitur; 2) negligence - premises liability; 3) negligence - premises liability; 4) negligent supervision of E.J.; 5) negligent hiring, supervision and retention; 6) negligence; 7) recovery of medical expenses, nursing expenses, lost wages and emotional distress on behalf of E.J.'s parents; and 8) negligence per se. Both parties consented to proceedings before a magistrate judge. Dkt. Nos. 12, 14.

On August 1, 2013, defendant United States of America[1] filed a motion to dismiss and strike portions of plaintiffs' complaint. Dkt. No. 13. The motion seeks to dismiss or strike the Johnsons' claim for emotional distress, the claim for negligence per se, and the claim for res ipsa loquitur under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion also seeks to dismiss or strike the second claim for premises liability, the claim for negligent supervision, and the claim for general negligence under Federal Rule of Civil Procedure 12(f) for redundancy. The Court found the motion suitable for disposition without oral argument.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the

---

[1] Defendant United States of America moved to dismiss the Coast Guard and Does 1-100 as defendants, and plaintiffs do not oppose their dismissal. Therefore, that portion of defendant's motion is GRANTED and the United States of America remains as the sole defendant in this action.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III. DISCUSSION

Tort actions brought under the Federal Tort Claims Act are governed by "the law of the place."  28 U.S.C. § 1346(b); *Kangley v. United States*, 788 F.2d 533 (9th Cir. 1986).  Because E.J.'s alleged injury occurred in California, the Court applies California state law to plaintiffs' claims.

**A. The Johnsons Fail to State a Claim for Emotional Distress**

The Johnsons bring a claim for emotional distress damages allegedly caused by E.J.'s injury, which they argue is available to them under California Code of Civil Procedure Section 376.  Section 376 provides that "[t]he parents of a legitimate unmarried minor child, acting jointly, may maintain an action for injury to the child caused by the wrongful act or neglect of another." Cal. Civ. Proc. Code § 376.

As support for their argument that Section 376 allows a parent to collect damages for emotional distress due to their child's injury or death, plaintiffs cite *Marchand v. Superior Court (Sutter Community Hospital)*, in which a California Court of Appeals held that Section 376 allows parents to recover for "[s]erious emotional distress in the parents of the kind which naturally occurs in normally constituted parents … from the negligent acts which injure the child." *Marchand v. Superior Court (Sutter Cmty. Hosp.)*, 246 Cal. Rptr. 531, 533 (Ct. App. 1988), *review granted and opinion superseded*, 758 P.2d 595 (Cal. 1988).

Case No. 13-cv-01923 NC
ORDER GRANTING IN PART AND
DENYING IN PART MTD
3

But *Marchand* is a superseded opinion, and at any rate appears to be an outlier when exploring the landscape of California law on a parent's ability to collect emotional distress damages for injury sustained by the child. No other court besides *Marchand* has recognized a distinct theory of recovery under Section 376, and this Court declines to do so. California courts allow a third person plaintiff to collect damages for emotional distress when the third person is a bystander and witnesses the tortfeasor's negligence towards another, or when the tortfeasor's negligence is directed at the third person. *Dillon v. Legg*, 68 Cal. 2d 728 (1968) (bystander); *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916 (1980) (direct victim). Courts have described these theories of recovery as the "bystander theory" and the "direct victim theory." *Martin, et al. v. United States*, 984 F.2d 1033, 1035 (9th Cir. 1993). The Johnsons do not seek emotional distress damages under a bystander theory, and the Court therefore does not address the United States' arguments regarding bystander damages.

The Johnsons cannot recover as a direct victim of the Coast Guard child care center's alleged negligence. The Ninth Circuit has held that California law does not recognize a special duty of care between child care centers and the parents of children that attend the centers. *Martin,* 984 F.2d at 1036; *see also Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124 (1993) (finding parents cannot recover as direct victims of pharmacy's negligence in prescribing incorrect dosage of medicine to a child). In *Martin*, a mother sued for emotional distress stemming from a government child care center's negligent supervision of the mother's daughter, who was abducted and raped while on a field trip. *Id.* The Ninth Circuit held that although the daughter could recover for the emotional distress she suffered as a result of the center's negligence, the mother could not. *Id.* The court found that the child care center's negligence was directed at the daughter but not at the mother, and that the mother's argument that the child care center "owed her a duty not to supervise her children negligently goes beyond any duty heretofore recognized by California courts." *Id.*

Here, the Johnsons argue that they suffered emotional distress as a result of witnessing their daughter's pain during recovery from her injury, allegedly caused by the Coast Guard's negligence. The situation is factually similar to *Martin*, which is binding

Case No. 13-cv-01923 NC
ORDER GRANTING IN PART AND
DENYING IN PART MTD                    4

precedent, in that the Coast Guard's alleged negligence was directed at E.J., rather than at the Johnsons.  Because the Ninth Circuit has held that a child care center does not owe a parent a duty to not negligently supervise their child, the Court finds that the Johnsons cannot recover for their emotional distress under a direct victim theory.  The Court therefore GRANTS the United States' motion to dismiss the Johnsons' claim for emotional distress damages.  Because the claim is barred as a matter of law, the Johnsons can allege no set of facts to support their recovery of emotional distress damages, and the Court therefore dismisses with prejudice.

**B. Negligence Per Se is an Evidentiary Doctrine and Not an Independent Claim**

Under California law, "negligence per se is not a separate cause of action but is the application of an evidentiary presumption provided by Cal. Evid. Code § 669." *Carson v. Depuy Spine, Inc.,* 365 F. App'x 812, 815 (9th Cir. 2010); *see also Vann v. Aurora Loan Servs. LLC*, No. 10-cv-04736 LHK, 2011 WL 2181861, at *3 (N.D. Cal. June 3, 2011) ("Negligence per se is not a separate cause of action, and it does not provide a private right of action for violations of a statute or regulation.") (citing *Quiroz v. Seventh Ave. Ctr*, 140 Cal. App. 4th 1256, 1285 (Cal. Ct. App. 2006)).

Plaintiffs concede this defect in their opposition brief, noting, "[t]he doctrine [of negligence per se] is not a separate cause of action, but an evidentiary presumption with regard to establishing the duty or standard of care for a negligence claim." Dkt. No. 24 at 15.  Plaintiffs will have an opportunity to argue that this and other evidentiary doctrines should be applied at a later stage of this litigation.  At the pleading stage, however, discussion of the applicability of negligence per se is premature.  Because negligence per se is not a stand-alone cause of action, the Court GRANTS the defendant's motion to dismiss the claim with prejudice.

**C. Res Ipsa Loquitur is an Evidentiary Doctrine and Not an Independent Claim**

"The judicial doctrine of res ipsa loquitur is a presumption affecting the burden of producing evidence." Cal. Evid. Code § 646(b).  Res ipsa loquitur is therefore an evidentiary doctrine and not a stand-alone cause of action.  *See Rodriguez v. Gen. Dynamics*

*Armament & Technical Prods., Inc.*, 696 F. Supp. 2d 1163, 1182 (D. Haw. 2010) (finding plaintiffs could seek to prove negligence claims by invoking res ipsa loquitur, but that res ipsa loquitur was not a stand-alone cause of action under similar Hawaii law).  Plaintiffs do not oppose dismissing their claim for res ipsa loquitur, "[a]s long as E.J. is permitted to rely on the doctrine of res ipsa loquitur in proving her case…."  Dkt. No. 24 at 15.  No discovery has occurred in this case and no evidence has been developed, and it is therefore premature for the Court to decide whether plaintiff E.J. may invoke the doctrine or res ipsa loquitur to prove her negligence claim.  Nothing in this order bars plaintiff E.J. from arguing that the doctrine applies once the evidence has been developed.  Because res ipsa loquirur is not a separate cause of action and is duplicative of E.J.'s negligence claims, the Court GRANTS the defendant's motion to dismiss this claim with prejudice.

**D. E.J.'s Two Claims for Premises Liability Are Redundant**

"A matter is 'redundant' if it contains allegations that constitute a needless repetition of other averments or are foreign to the issue."  *Dinius v. Perdock*, No. 10-cv-03498 MEJ, 2011 WL 3566700, at *2 (N.D. Cal. Aug. 12, 2011) (internal quotations omitted).  E.J.'s second and third claims are both for "Negligence - Premises Liability."  The third claim alleges with greater factual specificity E.J.'s claim for premises liability.  Because the second claim for premises liability is a needless repetition of the third claim, the Court GRANTS the defendant's motion to strike the second claim with prejudice.

**E. E.J.'s Claims for Negligent Supervision and Negligent Hiring are Distinct**

E.J.'s fourth claim seeks relief for the child care center's alleged negligent supervision of E.J.  Plaintiff E.J.'s fifth claim is for the child care center's alleged negligent hiring, supervision, and retention of employees.  These claims allege distinct facts and legal claims, and are therefore not a needless repetition of allegations.[2]  The Court DENIES

---

[2] In its reply, defendant United States argues that plaintiffs fail to state a claim for negligent hiring, training, and supervision because the complaint lacks facts pointing to specific unfit employees and government knowledge of those employees.  This is an argument raised for the first time on reply, which the Court declines to consider.  *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

defendant's motion to strike these claims.

**F. E.J.'s Claim for General Negligence is Redundant**

E.J.'s sixth claim is for general negligence and sets forth alleged industry standards regarding a child care center's requirements in supervising children, training employees, and inspecting and maintaining facilities.  The Court finds that the sixth claim is subsumed within E.J.'s other claims for premises liability, negligent supervision of E.J., and negligent hiring, supervision, and training of employees.  *See Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal. 4th 992, 996 n1 (1994) (finding premises liability claim duplicative of general negligence claim); *Annamaria M v. Napa Valley Unified Sch. Dist.*, No. 03-cv-0101 VRW, 2006 WL 1525733, at *16 (N.D. Cal. May 30, 2006) (finding general negligence claim duplicative of other specific negligence claims).  The Court strikes the general negligence claim in order to avoid potential confusion to the jury and the possibility of double recovery.  In amending, E.J. may incorporate factual allegations contained in the sixth claim regarding industry standards within her claims for premises liability, negligent supervision, and negligent hiring, training, and supervision.  Therefore, the Court GRANTS defendant's motion to strike the sixth claim as redundant.

## IV. CONCLUSION

For the reasons explained, the Court GRANTS in part and DENIES in part defendant's motion to strike or dismiss portions of plaintiffs' complaint as follows: Res ipsa loquitur is an evidentiary doctrine and not a stand-alone claim, and therefore E.J.'s first claim for res ipsa loquitur is DISMISSED WITH PREJUDICE.  E.J.'s second claim for premises liability is redundant of her third claim for premises liability, and therefore the second claim is STRICKEN.  E.J.'s fourth claim for negligent supervision of E.J. is distinct from E.J.'s fifth claim for negligent hiring, training, and supervision of child care center employees, and therefore the Court DENIES defendant's motion to dismiss or strike the fourth claim.  E.J.'s sixth claim for general negligence is redundant of her claims for premises liability, negligent supervision, and negligent hiring, training, and supervision and is therefore STRICKEN.  The Johnsons may not recover damages for emotional distress

under Section 376 and therefore the Johnsons' claim for emotional distress damages within their seventh claim for relief is DISMISSED WITH PREJUDICE. Finally, negligence per se is an evidentiary doctrine and not a stand-alone claim, and therefore the eighth claim for relief is DISMISSED WITH PREJUDICE.

Plaintiffs may file an amended pleading consistent with this order within 28 days.

IT IS SO ORDERED.

Date: November 14, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-01923 NC
ORDER GRANTING IN PART AND
DENYING IN PART MTD                8