1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

E. J., LISA HOULIHAN JOHNSON, AND
DONALD ARTHUR JOHNSON,

              Plaintiffs,

      v.

UNITED STATES OF AMERICA,

              Defendant.

Case No. 13-cv-01923 NC

**ORDER GRANTING PETITION
FOR APPROVAL OF MINOR'S
COMPROMISE**

Re: Dkt. No. 43, 44

      Plaintiffs Lisa Houlihan Johnson and Donald Johnson, as guardians ad litem for minor plaintiff E.J., petition the court for approval of a minor's compromise in this federal tort action.  The petition is unopposed and the Court finds the petition appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).  Because the Court finds the settlement fair and in the best interest of plaintiff E.J., the Court grants the petition.

## I. BACKGROUND

      On April 26, 2013, plaintiffs filed a complaint alleging violations of the Federal Tort Claims Act on behalf of plaintiff E.J., a minor, and E.J.'s parents, the Johnsons.  Dkt. No. 1. The Johnsons brought suit as E.J.'s guardian ad litem and on their own behalf.  The complaint alleged that E.J. was injured at a Coast Guard child care facility on June 17, 2010, and that her injury was a result of the Coast Guard's negligent supervision of E.J.,

negligent hiring and training of Coast Guard employees, and negligent maintenance of the Coast Guard facility.  Dkt. Nos. 12, 14.

Following a settlement conference before Magistrate Judge Maria-Elena James, the parties entered into an agreement whereby defendant United States will pay plaintiffs $50,000 for complete and final satisfaction of all of their claims.  Dkt. Nos. 43, 44.  After payment of 20% attorney's fees, court costs, and a lien, plaintiff E.J. stands to receive $32,505.74 from the total settlement.  Because E.J. is a minor, plaintiffs filed a petition for approval of a minor's compromise.  Dkt. No. 43.  The United States filed a statement of non-opposition to the petition.  Dkt. No. 46.

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.2d 1177, 1181 (9th Cir. 2011).  "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'"  *Id.*  (quoting Fed. R. Civ. P. 17(c)).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  *Id.*  (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978));  *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery

without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181-82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

## III. DISCUSSION

E.J., through her guardian ad litem, has agreed to settle her claims against the United States in exchange for $50,000. Of that total, E.J. will receive net proceeds of $32,505.74. In light of her specific injuries and the facts of her case, the Court finds this amount to be reasonable and the settlement to be in the best interest of E.J.. The Court therefore grants Plaintiffs' petition.

## IV. CONCLUSION

For the reasons explained, Plaintiffs' petition for this Court's approval of a minor's compromise is GRANTED.

The Court also acknowledges receipt of the Stipulation and Agreement of Compromise and Settlement, at docket entry 44. In accordance with paragraph seven of that Agreement, the parties should file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which does not require an order of approval from the Court.

IT IS SO ORDERED.

Date:  March 10, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge